Tomas A. Guterres, Esq. (State Bar No. 152729)
Christie B. Swiss, Esq. (State Bar No. 245151)
COLLINS COLLINS MUIR + STEWART LLP
1100 El Centro Street
South Pasadena, CA  91030
(626) 243-1100 – FAX (626) 243-1111
Email:  tguterres@ccmslaw.com
Email:  cswiss@ccmslaw.com

Attorneys for Defendants, COUNTY OF LOS ANGELES, T. BERNOUDY, DR. J.A. CARUTHERS, and BLANCA VEGA

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYMIA MCCORCKLE,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF LOS ANGELES; DR. J.A. CARUTHERS; BLANCA VEGA, T. BERNOUDY; and DOES 1-10 INCLUSIVE,<br><br>Defendants. | CASE NO. CV11-6247 RGK (VBKx)<br>*[Assigned to the Hon. R. Gary Klausner in Courtroom 850]*<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE § 12(b)(6)**<br><br>DATE:       November 14, 2011<br>TIME:       9:00 a.m.<br>COURTROOM: 850<br><br>Complaint Filed:  July 28, 2011 |

TO ALL PARTIES AND THEIR ATTORNEY OF RECORD HEREIN:

PLEASE TAKE NOTICE that on November 14, 2011 at 9:00 a.m., or as soon thereafter as this matter may be heard in Courtroom 850 of the above-entitled court located at 255 E. Temple Street, Los Angeles, CA 90012, Defendants COUNTY OF LOS ANGELES, T. BERNOUDY, DR. J.A. CARUTHERS, and BLANCA VEGA ("COUNTY") will and hereby does move the Court for dismissal, pursuant to section

SMW\L:\17937\MTN TO DISMISS PLTF'S FAC (ALL DEFTS.).DOC

1

MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

12(b)(6) of the *Federal Rules of Civil Procedure*, on the grounds that Plaintiff Symia McCorckle's ("PLAINTIFF") First Amended Complaint fails to state a claim upon which relief may be granted.

This motion is based upon this Notice of Motion, Motion and accompanying Memorandum of Points and Authorities, all pleadings and papers on file in this action, and upon such other matters as may be presented to the Court at the time of the hearing.

On October 4, 2011, Counsel for COUNTY emailed correspondence to Counsel for PLAINTIFF in an effort to meet and confer pursuant to Local Rule 7-3 on the substance of this motion.

DATED: October 12, 2011    COLLINS COLLINS MUIR + STEWART LLP

By: _____
TOMAS A. GUTERRES
CHRISTIE B. SWISS
Attorneys for Defendants, COUNTY OF LOS ANGELES, . BERNOUDY, DR. J.A. CARUTHERS, and BLANCA VEGA

Collins Collins Muir + Stewart LLP
1100 El Centro Street
So. Pasadena, CA 91030
Phone (626) 243-1100
Fax (626) 243-1111

SMW\L:\17937\MTN TO DISMISS PLTF'S FAC (ALL DEFTS.).DOC

2

MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

This case arises out of three separate Los Angeles County Department of Child and Family Services ("DCFS") investigations into allegations that PLAINTIFF physically and emotionally abused her nine year-old child. DCFS is a county organization whose mission is to promote child welfare and development by providing child welfare services. To this end, one of the primary duties performed by the department is the investigation of reported child neglect and abuse.

In this case, PLAINTIFF's First Amended Complaint alleges that the DCFS, in the course of investigating three separate allegations of physical abuse involving the PLAINTIFF and her nine year-old child, violated PLAINTIFF's constitutional rights. Specifically, PLAINTIFF's amended Complaint sets-forth the following causes of action: 1) that COUNTY violated PLAINTIFF's due process rights under the Fourth, Fifth and Fourteenth Amendments; 2) that COUNTY violated PLAINTIFF's Federal Civil Rights under the Equal Protection Clause of the Fourteenth Amendment; 3) that COUNTY was negligent, under *Monell*, in the hiring and retention of DCFS personnel; and 4) that COUNTY violated PLAINTIFF's right to familial association under the First and Fourteenth Amendments.

PLAINTIFF's First Amended Complaint does not address any of COUNTY's arguments contained in its original Motion to Dismiss and therefore fails for the same reasons as the original Complaint. Rather, PLAINTIFF's First Amended Complaint is fundamentally the same as the original, but with one added twist; PLAINTIFF now alleges that the purported constitutional violations all flow directly from PLAINTIFF's alleged listing on the Child Abuse Central Index ("CACI"). Significantly, however, the Complaint is entirely void of any factual allegations that show that PLAINTIFF was actually ever listed on the index.

As a result, the Court should grant the instant Motion because PLAINTIFF's

Collins Collins
Muir + Stewart LLP
1100 El Centro Street
So. Pasadena, CA 91030
Phone (626) 243-1100
Fax (626) 243-1111

unsupported and conclusory allegations against Defendant COUNTY <u>still</u> fail to state a claim upon which relief may be granted.

## II.

## LEGAL AUTHORITY FOR GRANTING COUNTY'S MOTION TO DISMISS

## DISCUSSION OF LEGAL AUTHORITY FOR MOTION TO DISMISS

In accordance with Rule 12(b) (6), a dismissal of the complaint is appropriate where there is either a "lack of a cognizable legal theory" or an "absence of sufficient facts alleged under a cognizable theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). Conversely, to withstand a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). More specifically, the complaint must assert more than "naked assertions," "labels and conclusions," or simply a "formulaic recitation of the elements of a cause of action." *Id.*, at 555-557. As the Supreme Court has recently explained, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 129 U.S. 1937 (2009).

Additionally, the PLAINTIFF has the burden of demonstrating that the claim has facial plausibility. *Bell Atlantic Corp.*, 550 U.S. at 570. Under the Supreme Court's analysis in *Ashcroft*, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 129 S.Ct. at 1949. Taken collectively, in order for the complaint to survive a motion to dismiss, "the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

As discussed below, PLAINTIFF's first, second, third, and fourth causes of action, contained in the First Amended Complaint, fail to satisfy the requisite standards for withstanding the instant motion to dismiss.

## III.

## PLAINTIFF'S FACTUAL ALLEGATIONS THAT REFERENCE EVENTS OCCURRING PRIOR TO JULY 28, 2009 ARE BARRED BY THE STATUTE OF LIMITATIONS.

PLAINTIFF's First Amended Complaint should be dismissed to the extent that each cause of action is based upon factual allegations that purportedly took place prior to July 28, 2009. Due to the fact that 42 U.S.C., §1983 does not contain an applicable statute of limitations, courts have held that courts must apply the forum state's appropriate limitation period for personal injury actions. *E.g. Carpinteria Valley Farms, Ltd. v. County of Santa Barbara*, 344 F.3d 822, 828 (9th Cir. 2003); *Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir. 2001); *Morales v. City of Los Angeles*, 214 F.3d 1151, 1153 (9th Cir. 2000) ("[a]ctions brought pursuant to 42 U.S.C. § 1983 are governed by the state statutes of limitations for personal injury actions."). Accordingly, the California statute of limitations for personal injury actions is governed by Cal. *Code Civ. Proc.* section 335.1, which provides for a two year statute of limitations period. Cal. *Code Civ. Proc.* § 335.1 (2011).

In this case, PLAINTIFF's First Amended Complaint lists a number of factual allegations that predate the applicable statute of limitations period in this case which is July 28, 2009 (two years prior to the time PLAINTIFF filed her complaint in this matter). Chief among these are the allegations relating to the alleged events occurring on July 20, 2009 (¶¶ 23-28); July 21, 2009 (¶¶ 29-47); and July 22, 2009 (¶¶ 48-52). Nonetheless, PLAINTIFF's amended Complaint attempts to get around the applicable limitations period on the theory that the limitations period was "tolled" on the grounds that COUNTY failed to give notice that PLAINTIFF was allegedly listed on the CACI. Nowhere in the amended Complaint, however, are there any facts showing that PLAINTIFF was <u>actually</u> listed on the CACI. Thus, there are no facts to support the contention that COUNTY failed to provide notice regarding an issue that PLAINTIFF has not demonstrated even existed. Accordingly, to the extent

Collins Collins Muir + Stewart LLP
1100 El Centro Street
So. Pasadena, CA 91030
Phone (626) 243-1100
Fax (626) 243-1111

SMW\L:\17937\MTN TO DISMISS PLTF'S FAC (ALL DEFTS.).DOC

5

MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

that the causes of action contained in the First Amended Complaint are based upon these factually incorrect allegations, these causes of actions must be dismissed in accordance with Cal. *Code Civ. Proc.* § 335.1.

## IV.

## PLAINTIFF HAS FAILED TO ALLEGE FACTS TO SUPPORT A CLAIM AGAINST COUNTY UNDER 42 U.S.C. § 1983

To state a claim against COUNTY under 42 U.S.C. § 1983, PLAINTIFF must plead facts sufficient to show that COUNTY caused the tort by way of "policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 691 (1978). Specifically, the court in *Monell* stated, "[a] municipality cannot be held liable solely because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory." *Id.* Thus, "a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Id.* at 694.

In order to establish municipal liability under 42 U.S.C. § 1983, all of the following conditions must be satisfied: "(1) that [the plaintiff] possessed a constitutional right of which he was deprived; (2) that the municipality had a policy; (3) that this policy 'amounts to deliberate indifference' to the plaintiff's constitutional right; and (4) that the policy is the 'moving force behind the constitutional violation.'" *Van Ort v. Estate of Stanewich*, 92 F.3d 831, 835 (9th Cir. 1996), *citing Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992); *see also Galen v. County of Los Angeles*, 477 F.3d 652, 667 (9th Cir. 2007).

Here, PLAINTIFF's First Amended Complaint still provides nothing more than a laundry list of "systematic deficiencies" purportedly demonstrating COUNTY's deliberate indifference to civil rights violations by DCFS personnel. Here again, PLAINTIFF's allegations are fatally deficient because they are all based on the unsupported contention that PLAINTIFF was indeed listed on the CACI.

Collins Collins
Muir + Stewart LLP
1100 El Centro Street
So. Pasadena, CA 91030
Phone (626) 243-1100
Fax (626) 243-1111

Consequently, there are no facts showing that COUNTY could have ratified the alleged CACI listing because, quite simply, PLAINTIFF has not set-forth any facts showing that she was actually listed on the CACI.

Furthermore, PLAINTIFF does not make reference to any specific policy that exemplifies the manner in which DCFS personnel are encouraged or trained to violate individuals' civil rights.  Somehow overlooked in PLAINTIFF's factual allegations is the reality that in each of these instances the DCFS had a <u>duty</u> to investigate the allegations of physical and emotional abuse involving PLAINTIFF.  As stated in the amended Complaint (First Amended Complaint ¶ 51), DCFS's investigators concluded that certain abuse allegations made against PLAINTIFF were in fact <u>substantiated</u> (pursuant to their investigation commenced on July 18, 2009).

The additional factual allegations involving the two other DCFS investigations also do not provide evidence that COUNTY maintained unconstitutional policies and procedures.  To the contrary, these contentions demonstrate that COUNTY conducted neutral investigations into the separate allegations of abuse against PLAINTIFF.  In particular, the complaint refers to the fact that the DCFS's September 2009 investigation of the PLAINTIFF concluded that the allegations of abuse could not be corroborated (First Amended Complaint ¶ 76).  Similarly, the complaint also acknowledges that the DCFS terminated its October 2010 investigation based, in part, on a lack of corroborating evidence (First Amended Complaint ¶ 79).  Accordingly, the mere fact that these investigations may have purportedly upset PLAINTIFF does not provide a sufficient basis for either the PLAINTIFF's Constitutional or state law claims.

As such, PLAINTIFF's allegations are merely conclusory and are entirely void of foundation.  Therefore, under the pleading standards set forth in *Bell Atlantic Corp. v. Twombly* and *Ashcroft v. Iqbal*, PLAINTIFF's groundless allegations against COUNTY are insufficient to survive this Motion to Dismiss.

///

Collins Collins
Muir + Stewart LLP
1100 El Centro Street
So. Pasadena, CA 91030
Phone  (626) 243-1100
Fax    (626) 243-1111

## V.

## PLAINTIFF FAILS TO STATE A VALID STATUTORY BASIS FOR THE STATE LAW CLAIMS LISTED IN THE FOURTH CAUSE OF ACTION

In California, direct tort liability of public entities must be based on a specific statute rather than general tort provisions. *Gov't. Code § 815; Eastburn v. Regional Fire Protection Authority*, 31 Cal.4th 1175, 1179-83 (2003); *see also Munoz v. City of Union City*, 120 Cal. App.4th 1077, 1113 (2004) (holding that the city could not be held liable for the police officer's negligence because the plaintiff failed to cite any statutory authority declaring the city to be liable).

In this case, PLAINTIFF's fourth cause of action (¶ 123) references PLAINTIFF's rights under the California Constitution. Absent in the Complaint, however, is any reference to applicable California authority that could ostensibly provide a basis for COUNTY liability in this case. Moreover, PLAINTIFF's California Constitutional claims should also be dismissed to the extent that the fourth cause of action seeks to hold COUNTY directly liable for alleged negligence in the hiring, training, and supervision of any individual employed by the DCFS or any of the co-defendants in this matter.

Specifically, PLAINTIFF's theory in this regard is similar to the one rejected in *Eastburn v. Regional Fire Protection Authority*, wherein the plaintiff's state law claims of negligent selection, training, retention, supervision, investigation and discipline were dismissed on the grounds that there was no statutory basis for holding a governmental entity liable for negligence in its hiring and supervision practices. 31 Cal.4th 1175, 1179 (2003), *see also de Villers v. County of San Diego*, 156 Cal.App.4th 238, 252-3 (2007) (stating that *Cal. Gov Code § 815.2* "[…] provides that a public entity is not liable for an injury [e]xcept as otherwise provided by statute […]"). Accordingly, PLAINTIFF's California Constitutional claim should be dismissed.

///

Collins Collins Muir + Stewart LLP
1100 El Centro Street
So. Pasadena, CA 91030
Phone (626) 243-1100
Fax (626) 243-1111

SMW\L:\17937\MTN TO DISMISS PLTF'S FAC (ALL DEFTS.).DOC

8

MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

# VI.

## PLAINTIFF'S CLAIM FOR INJUNCTIVE RELIEF SHOULD BE DENIED BECAUSE PLAINTIFF HAS NOT DEMONSTRATED THAT THERE IS AN INADEQUATE LEGAL REMEDY

PLAINTIFF's claim for affirmative injunctive relief should be dismissed for two fundamental reasons.

First, PLAINTIFF's amended Complaint is entirely void of facts demonstrating that legal damages in this case would be inadequate. It is well established that in order for the court to issue permanent injunctive relief, the plaintiff has the burden of satisfying four well-established requirements. *Cal. ex rel. Lockyer v. USDA*, 575 F.3d 999, 1019 (9th Cir. 2009); *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391(2006) ("[a]n injunction should issue only if the traditional four-factor test is satisfied"). Specifically, the plaintiff must demonstrate the following: (1) that has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the issuance of a permanent injunction is in the public interest.

Central to any determination of the appropriateness of injunctive relief is the consideration of whether plaintiff has an available legal remedy. *Continental Airlines, Inc. v. Intra Brokers*, 24 F.3d 1099, 1105 (9th Cir. 1993) ("for equitable relief to be appropriate, there must generally be no adequate legal remedy."). In this case, PLAINTIFF's complaint does not contain any facts that show that an award of legal damages would be insufficient.

Moreover, to the extent that PLAINTIFF's amended Complaint alleges one or, at most, two isolated incidents involving COUNTY personnel, these purported instances are insufficient to state a claim for injunctive relief. As stated by the Ninth Circuit in *Orantes-Hernandez v. Thornburgh*, a "showing at trial of relatively few

Collins Collins
Muir + Stewart LLP
1100 El Centro Street
So. Pasadena, CA 91030
Phone (626) 243-1100
Fax (626) 243-1111

SMW\L:\17937\MTN TO DISMISS PLTF'S FAC (ALL DEFTS.).DOC

1  instances of violations by [defendants], without any showing of a deliberate policy on
2  behalf of the named defendants, [does] not provide a basis for equitable relief." 919
3  F.2d 549, 558-9 (9th Cir. 1990). Accordingly, PLAINTIFF's claim for affirmative
4  injunctive relief should be dismissed.
5      Second, PLAINTIFF's claim for an affirmative injunction ordering COUNTY
6  to notify the CA DOJ that the DCFS "report" (to the extent it can be determined
7  which alleged "report" PLAINTIFF is referring to) to CACI is unfounded in light of
8  the fact that PLAINTIFF has not established that she was actually listed on the CACI
9  (First Amended Complaint ¶ 81). As a result, PLAINTIFF's claim for injunctive
10 relief should be dismissed.

## VII.
## CONCLUSION

For the reasons set forth herein, Defendant COUNTY respectfully requests that this Court grant the instant Motion to Dismiss PLAINTIFF's First Amended Complaint. Defendant COUNTY further requests any relief that this Court deems just and proper.

DATED: October 12, 2011

COLLINS COLLINS MUIR + STEWART LLP

By: _____
TOMAS A. GUTERRES
CHRISTIE B. SWISS
Attorneys for Defendants, COUNTY OF LOS ANGELES, . BERNOUDY, DR. J.A. CARUTHERS, and BLANCA VEGA

Collins Collins Muir + Stewart LLP
1100 El Centro Street
So. Pasadena, CA 91030
Phone (626) 243-1100
Fax (626) 243-1111

*SMW\L:\17937\MTN TO DISMISS PLTF'S FAC (ALL DEFTS.).DOC*

MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT